UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEWIS SMITH,

           Plaintiff,

  v.                                      Case No. 23-cv-1418-pp

ESPORTS ONE, INC.,
GINA KEITH GUNNIN
and MATTHEW RYAN GUNNIN,

           Defendants.

---

**ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER (DKT. NO. 6)**

---

On October 25, 2023, the plaintiff filed a complaint against Esports One, Inc ("the corporate defendant") and defendants Gina Keith Gunnin and Matthew Ryan Gunnin ("the individual defendants"). Dkt. No. 1. On January 8, 2024, the individual defendants filed a motion for extension of time to file their answer. Dkt. No. 6. The court will grant that motion as to the individual defendants only.

**I.    Background**

    A.    <u>Complaint and Service</u>

The complaint identifies defendant Matthew Ryan Gunnin as the corporate defendant's owner and chief executive officer. Dkt. No. 1 at ¶8. It identifies defendant Gina Keith Gunnin as the corporate defendant's finance and human resource director. Id. at ¶9. It identifies the plaintiff as a former

1

employee of the defendants and says that he is bringing claims against the defendants for failure to pay minimum wages and failure to pay agreed upon wages. Id. at ¶¶10-11, 29-57.

On December 14, 2023, the plaintiff filed an affidavit of service. Dkt. No. 5. The affidavit averred that on December 8, 2023, the plaintiff's process server served the summons and complaint on "Esports One, Inc. c/o Capitol Corporate Services, Inc., 301 S. Bedford Street, Madison, WI 53703." Id. "Capitol Corporate Services, Inc." is the corporate defendant's registered agent. Dkt. No. 1 at ¶7; see also Wisconsin Department of Financial Institutions (https://wdfi.org/apps/corpSearch/Details.aspx?entityID=E057505&hash=185167822&searchFunctionID=4d85672f-6d99-4f48-b376-08eed3cc63a3&type=Simple&q=Esports+One%2c+Inc.).

On January 23, 2024, the plaintiff filed affidavits of service for each of the individual plaintiffs. Dkt. Nos. 9, 10. Those affidavits aver that the plaintiff served defendant Gina Gunnin on December 12, 2023 (Dkt. No. 9) and that he served defendant Matthew Gunnin on December 18, 2023 (Dkt. No. 10).

B.  Motion for Extension of Time to File Answer (Dkt. No. 6)

On January 8, 2024, without the assistance of counsel, the individual defendants filed a motion for extension of time to file answer Dkt. No. 6. The individual defendants "request[ed] a 30-day extension of time to file Defendants' Answer to the Complaint, originally due on January 8, 2024." Id. at 2. The individual defendants based their request, in part, on the holiday

2

Case 2:23-cv-01418-PP   Filed 01/31/24   Page 2 of 5   Document 11

period, the complex factual and legal issues of the case, the need for extensive document gathering and the potential for filing counterclaims. Id. at 2-3.

In the signature block, the individual defendants did not identify their association with the corporate defendant. The individual defendants listed their personal email addresses (*e.g.*, a gmail and an AOL address) in their signature block, dkt. no. 6 at 5, rather than their corporate email addresses (which appear likely to end with "@esports.one" or "@esportsone.com"). Dkt. No. 8 at 1. It is not clear whether the individual defendants intended their motion to seek an extension for the corporate defendant or only requested an extension for themselves.

On January 10, 2024, the plaintiff filed his "response to [the individual defendant]'s motion for extension of time." Dkt. No. 7. The plaintiff stated that he "does not oppose [the individual defendant]'s motion as to their individual answers." Id. at 1. The plaintiff asserted, "[h]owever, if [the individual defendants] are also seeking an extension of [the corporate defendant]'s time to file its answer, such a request would be improper because the request was not made by counsel." Id. (citing Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985)). The plaintiff concluded that "the Court should deny [the individual defendants]'s motion to the extent it was also filed on behalf of [the corporate defendant]." Id. at 1-2.

3

## II. Analysis

### A. The Corporate Defendant

A corporation must appear through an attorney. United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court."); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). Neither individual defendant has stated that he or she is "a lawyer licensed to practice," so neither of them may file motions on behalf of the corporate defendant. See Hagerman, 545 F.3d at 581. The court will deny without prejudice the individual defendants' motion for an extension of time to the extent that they are requesting an extension on behalf of the corporate defendant. If, once the corporate defendant obtains counsel, the corporate defendant needs an extension of time, it may ask for one (through its lawyer).

### B. The Individual Defendants

At the time the individual defendants filed their motion, the court had no certificate of service on the docket for either of them. On January 23, 2024, the plaintiff filed a certificate of service averring that defendant Gina Gunnin was served on December 12, 2023. Dkt. No. 9. The same day, the plaintiff filed a certificate of service indicating that defendant Matthew Gunnin was served on

4

December 18, 2023. Dkt. No. 10. This means that their answer was due—as stated in the motion—on January 8, 2024.[1]

Because the plaintiff does not object, and because the individual defendants were served in the midst of the holiday season, the court will grant their motion. The individual defendants must file their answers by the end of the day on **February 28, 2024**.

### III. Conclusion

The court **DENIES** the motion to extend the deadline to answer to the extent that it is a request to extend the deadline for the *corporate* defendant to answer. Dkt. No. 6.

The court **GRANTS** the individual defendants' motion for an extension of time to answer. Dkt. No. 6.

The court **ORDERS** that the individual defendants must file their answers by the end of the day on **February 28, 2024**.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[1] Twenty-one days after Gina Gunnin's service date of December 12, 2023 was January 6, 2024. That was a Saturday, meaning that her answer was due on the next weekday, January 8, 2024. Twenty-one days after Matthew Gunnin's service date of December 18, 2023 was January 8, 2024.

5

Case 2:23-cv-01418-PP    Filed 01/31/24    Page 5 of 5    Document 11