UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEWIS SMITH,

                Plaintiff,

    v.                                            Case No. 23-cv-1418-pp

ESPORTS ONE, INC., GINA KEITH GUNNIN
and MATTHEW RYAN GUNNIN,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (DKT. NO. 18)**

---

**I.    Background**

On October 25, 2023, the plaintiff filed a complaint against his former employers, Esports One, Inc. ("the corporate defendant") and Gina Keith Gunnin and Matthew Ryan Gunnin ("the individual defendants"); the complaint alleges three causes of action: (1) failure to pay minimum wages in violation of the Fair Labor Standards Act (FLSA), (2) failure to pay minimum wages in violation of Wisconsin law and (3) failure to pay agreed-upon wages in violation of Wisconsin law. Dkt. No. 1 at ¶¶11-13, 29-57. On March 6, 2024, after the court had granted the individual defendants' motion for extension of time to file an answer, dkt. no. 11, the court received a document titled, "The Defendant's Answer to the Complaint[,]" dkt. no. 12 at 2. This answer responded to each paragraph of the plaintiff's complaint. Then—under the heading "defendant's response"—the document stated:

> The defendants assert that they were transparent with the plaintiff regarding the company's financial situation and actively

1

sought new funding sources. They communicated with the employees that no work or tasks would be assigned, and the plaintiff was the last employee to resign and the only former employee to file a claim.

The plaintiff and their former colleagues were aware of Esports One's financial predicament, and the plaintiff chose to join a venture-backed startup, knowing the risks and limited prospects for success. Furthermore, the defendants state that they had exhausted their own financial resources trying to keep the company afloat, incurring significant debt throughout the process.

It has recently come to our attention that the plaintiff worked a second job without the company's knowledge as far back as December 2019. By accepting other employment long before the dates outlined in the claims, *the plaintiff broke their employment agreement starting in December 2019*, not only by accepting a second job without the company's knowledge but also by working for a direct competitor of the company within the Esports industry.

Therefore, the defendants request that all claims be dismissed, and *any counterclaims be made at the court's discretion*. Additionally, given this recently learned fact, *the defendants are exploring filing a countersuit against the plaintiff for damages that may have been incurred against the company*.

Dkt. No. 12 at 8 (emphasis added).

On March 21, 2024, the plaintiff filed a document titled "Motion for Dismissal of Defendants' Counterclaim." Dkt. Nos. 16; 18. The plaintiff explained that the answer had included a "section titled 'Defendant's [sic] Response' which appears to attempt to plead a counterclaim for breach of contract." Dkt. No. 18 at 1 (quoting Dkt. No. 12). The plaintiff argued that if the individual defendants were bringing a breach-of-contract counterclaim, the court lacked subject matter jurisdiction over that counterclaim. Id. He contended that the only way for this court to have subject matter jurisdiction over the counterclaim would be through an exercise of the court's supplemental jurisdiction. Id. at 2-4. The plaintiff asserted that "the [plaintiff's] wage claims and Defendants' counterclaims do not share a common nucleus of

2

operative facts and therefore, the Court does not have supplemental jurisdiction over Defendants' counterclaims." Id. at 5. As a policy argument, the plaintiff asserted that "[t]he Court should not permit Defendants to interject this simple claim for unpaid wages with the minutiae of the employer-employee relationship as doing so 'would be antithetical to the purpose of the [FLSA] Act.'" Id. at 6 (quoting Brennan v. Heard, 491 F.2d 1, 4 (5th Cir. 1974), *overruled in part by* McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988)).

On June 21, 2024, the court issued an order requiring the individual defendants to "file a document advising the court whether they intend their breach-of-contract allegations to be an affirmative defense or a counterclaim." Dkt. No. 24 at 25-26. The court observed that, given the "conflicting and confusing language" in the individual defendants' answer, "it is not clear whether the individual defendants raised the breach-of-contract issue as an *affirmative defense* to the plaintiff's claims or whether they were trying to bring a *counterclaim* against the plaintiff." Id. at 20 (emphasis in original). The court explained that, "[i]f the individual defendants meant only to raise an *affirmative defense* of breach of contract, the plaintiff's motion to dismiss is unnecessary and should be denied." Id. (emphasis in original). The court further explained that, "[i]f, however, the individual defendants were attempting to raise a *counterclaim* against the plaintiff, the court must analyze and decide the plaintiff's legal argument that the court has no jurisdiction over that counterclaim." Id. (emphasis in original). So, "[b]efore ruling on a motion that may well be unnecessary," the court ordered the individual defendants to provide clarification by the end of the day on July 19, 2024. Id. at 20, 25. The court instructed the individual defendants that "[i]f the court does not receive that written document by the end of the day on July 19, 2024, the court will

3

treat the allegations as a counterclaim and will analyze and rule on the plaintiff's motion to dismiss it for lack of subject-matter jurisdiction." Id. at 25-26.

The July 19, 2024 deadline passed without the individual defendants filing anything. The court will treat the allegations contained in the individual defendants' answer as a breach-of-contract counterclaim and will rule on the plaintiff's motion to dismiss said counterclaim.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. Bultasa Buddhist Temple of Chi. v. Nielsen, 878 F.3d 570, 573 (7th Cir. 2017). In evaluating a challenge to subject-matter jurisdiction, the court first must determine whether the movant has raised a factual or a facial challenge. Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that "there is in fact no subject matter jurisdiction," even if the pleadings are formally sufficient. Id. (internal quotation and citation omitted). In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject-matter jurisdiction exists. Id. In contrast, a facial challenge argues that the plaintiff has not sufficiently "alleged a basis of subject matter jurisdiction." Id. (internal quotation and citation omitted). In reviewing a facial challenge, "the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." Id.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

4

party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). And because subject-matter jurisdiction involves a federal court's power to decide a case, "it 'can never be forfeited or waived.'" Id. (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). See also Ware v. Best Buy Stores, L.P., 6 F.4th 726, 731 (7th Cir. 2021) ("'Subject-matter jurisdiction is the first issue in any case[,]' Miller v. Southwest Airlines Co., 926 F.3d 898, 902 (7th Cir. 2019)" and "'we have an independent obligation to determine that jurisdictional requirements are satisfied[,]' Knopick v. Jayco, Inc., 895 F.3d 525, 528 (7th Cir. 2018).").

Title 28 U.S.C. §1367(a) states that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"Claims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 683 (7th Cir. 2014) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). The Seventh Circuit has held that "[a] loose factual connection between the claims is generally sufficient." Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995). The Seventh Circuit has said, as an example, that "supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action *as the claim conferring federal jurisdiction.*" Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc., 891 F.3d 256, 258 (7th Cir. 2018) (emphasis added).

### III. Discussion

The question is whether the individual defendants' breach-of-contract counterclaim derives from a common nucleus of operative facts as the

plaintiff's Fair Labor Standards Act claim, because that is the claim that confers subject-matter jurisdiction on this court. See Prolite Bldg. Supply, LLC, 891 F.3d at 258. Courts have been hesitant to exercise supplemental jurisdiction over counterclaims in FLSA suits when "[t]he only relationship among the claims is that they share a common origin in the plaintiff's employment with the defendants." Reyes v. ML Enterprises, Case No. 21-C-0437, 2021 WL 2226108, at *2 (E.D. Wis. June 2, 2021); see also Villareal v. El Chile, Inc., 601 F. Supp. 2d 1011, 1018 (N.D. Ill. 2009) (collecting cases that held "an employment relationship alone is insufficient in an FLSA case to provide a common nucleus of operative fact establishing supplemental jurisdiction over the employer's state law claims against the employee"); Martin v. PepsiAmericas, Inc., 628 F.3d 738, 740-41 (5th Cir. 2010) ("Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." (citations omitted)). To determine whether to exercise supplemental jurisdiction in FLSA lawsuits, courts have looked to whether the employer's counterclaim and the employee's FLSA claim "share common elements" and whether "the evidence needed to support each claim will be different." Hernandez v. N. Shore Baking Corp., Case No. 18-CV-4469, 2018 WL 11631208, at *1 (N.D. Ill. Nov. 27, 2018); see also Reyes, 2021 WL 2226108, at *2 (holding the court did not have supplemental jurisdiction over the employer's counterclaims because "the plaintiff's liability for negligence and theft will not in any way turn on the facts relevant to whether the defendants paid the plaintiff the wages to which he was entitled under the FLSA").

6

The defendants' breach-of-contract counterclaim does not share a common nucleus of facts with the plaintiff's FLSA claim. See Dkt. No. 18 at 2-6. The breach-of-contract counterclaim and the FLSA claim do not "share common elements" and "the evidence needed to support each claim" is different. See Hernandez, 2018 WL 11631208, at *1. Under Wisconsin law, a party seeking to assert a claim for breach of contract must allege facts showing three elements: "(1) the existence of a contract; (2) a breach of the contract; and (3) damages from the breach." Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc., 907 F.3d 961, 965 (7th Cir. 2018). A party making a FLSA claim under the minimum wage provision "must allege facts giving rise to a plausible inference that he was an employee within the meaning of the Act and that he was underpaid for at least one workweek." Brant v. Schneider Nat'l, Inc., 43 F.4th 656, 664 (7th Cir. 2022). Comparing the elements of the claims, the defendants' breach-of-contract counterclaim and the plaintiff's FLSA claim would not turn on the same facts; the first would depend on the facts surrounding the terms of the employment contract between the plaintiff and the defendants, while the second would depend on facts relating to how, and whether, the plaintiff was paid during his employment. Because the claims do not derive from a common nucleus of operative facts, the court cannot exercise supplemental jurisdiction over the breach-of-contract counterclaim through the plaintiff's FLSA claim. The court does not have subject-matter jurisdiction over the individual defendants' breach-of-contract counterclaim and so the court must dismiss it.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion to dismiss the individual defendants' counterclaim. Dkt. No. 18.

The court **DISMISSES WITHOUT PREJUDICE** the individual defendants' breach-of-contract counterclaim.

The court **ORDERS** that by the end of the day on November 15, 2024, the parties must file an amended Rule 26(f) report with their proposed new discovery plan and scheduling dates. See order at Dkt. No. 14 for the information that must be included in the report.

Dated in Milwaukee, Wisconsin this 16th day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**