LEWIS SMITH,

        Plaintiff,

  v.

                                      Case No. 23-cv-1418-pp

ESPORTS ONE, INC.,
GINA KEITH GUNNIN
and MATTHEW RYAN GUNNIN,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (DKT. NO. 30)

On October 25, 2023, the plaintiff filed a complaint against his former employers, Esports One, Inc. ("the corporate defendant") and Gina Keith Gunnin and Matthew Ryan Gunnin ("the individual defendants"). Dkt. No. 1. Since then, the defendants have (1) failed to participate in drafting and submitting the first Rule 26(f) report, dkt. nos. 22, 31 at ¶2; (2) failed to appear at the June 18, 2024, telephonic scheduling conference, dkt. no. 23; (3) failed to meet the court's deadline to "file a document advising the court whether they intend their breach-of-contract allegations to be an affirmative defense or a counterclaim[,]" dkt. nos. 24 at 25, 26; and (4) failed to participate in the drafting and submission of the second Rule 26(f) report, dkt. nos. 27, 31 at ¶3. The court has given the defendants some leeway because they are not lawyers and, as of this date, have not retained counsel, but the court also has

1

cautioned that the defendants must follow the same laws and rules as other parties. See Dkt. No. 24 at 21 ("It is one of the unfortunate realities of litigation, however, that even though defendants don't choose to be sued, they nonetheless are bound by the same laws and rules as the plaintiff who chose to bring the lawsuit against them."). The court has also warned that "if the individual defendants fail to comply with court-imposed deadlines, or fail to appear in the future when ordered to do so, the court will require them to show cause why the court should not impose sanctions against them." Id. at 24-25.

On January 15, 2025, the plaintiff filed a Rule 7(h) expedited, non-dispositive motion to compel discovery responses. Dkt. No. 30. The motion alleges that the defendants have failed to provide the plaintiff with their Rule 26(a)(1) disclosures by the court-ordered deadline of December 10, 2024. Id. at 2. The plaintiff claims that the defendants have yet to provide any responses to the discovery requests the plaintiff sent on October 18, 2024. Id. The plaintiff's counsel asserts that he has "made multiple attempts to set a time to meet and confer regarding Defendants' failure to respond to Plaintiff's written discovery requests, including emails on December 11, 12, and 19, 2024," but that the "Defendants have not made themselves available to meet and confer on this matter." Id. at 2-3 (citing Dkt. Nos. 31 at ¶¶7-8; 31-2). The plaintiff "requests the Court enter an order compelling Defendants to 1) make initial disclosures and 2) respond to Plaintiff's first requests for interrogatories and 3) respond to Plaintiff's requests for the production of documents." Id. at 3-4. The deadline for the defendants to respond to the plaintiff's motion (which, under this

2

court's Civil Local Rule 7(b), was twenty-one days from the date of service, or by approximately February 5, 2025) has come and gone, without the court receiving a response from the defendants.

Federal Rule of Civil Procedure 37(a)(1) permits a party to request an order compelling disclosure or discovery. Rule 37(a)(3)(A) allows a party to seek an order compelling a disclosure required by Rule 26(a) and Rule 37(a)(3)(B) allows a party to seek an order compelling a party to respond to a variety of discovery requests. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The plaintiff's counsel included the required certification in both the motion and in his declaration. Dkt. Nos. 30 at 3; 31.

Despite the plaintiff's good faith effort to confer with the defendants, the defendants have not given the plaintiff the disclosures required by Rule 26(a) or responded to the plaintiff's discovery requests. The court will set a deadline below by which the defendants must (1) make the initial disclosures required by Fed. R. Civ. P. 26(a) (https://www.law.cornell.edu/rules/frcp/rule_26), (2) respond to the plaintiff's first request for interrogatories and (3) respond to the plaintiff's requests for the production of documents. If the defendants do not comply with this order, the plaintiff may file a motion asking the court to impose sanctions against the defendants. See Fed. R. Civ. P. 37(b)(2)(A). Rule 37 allows a court to impose a range of sanctions, including issuing a default

3

judgment against the disobedient party, holding the disobedient party in contempt of court and ordering the disobedient party to pay expenses.

The court **GRANTS** the plaintiff's Civil L.R. 7(h) expedited, non-dispositive motion to compel discovery responses. Dkt. No. 30.

The court **ORDERS** that by the end of the day on **March 14, 2025**, the defendants must (1) make the initial disclosures required by Fed. R. Civ. P. 16(a), (2) respond to the plaintiff's first request for interrogatories and (3) respond to the plaintiff's requests for production of documents.

Dated in Milwaukee, Wisconsin this 19th day of February, 2025.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**