UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEWIS SMITH,

        Plaintiff,

  v.

ESPORTS ONE, INC.,
GINA KEITH GUNNIN
and MATTHEW RYAN GUNNIN,

        Defendants.

Case No. 23-cv-1418-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 35)**

The plaintiff has asked the court to impose sanctions against the defendants for their failure to comply with the court's order compelling responses to the plaintiff's discovery requests. Dkt. No. 35. Because the defendants willfully have failed to comply with the court's orders or participate in discovery, the court will grant the plaintiff's motion for sanctions and will enter a default judgment against the defendants.

**I.  Background**

Because the defendants' conduct throughout this case is relevant to the motion, the court recounts in detail the procedural background of the case.

On October 25, 2023, the plaintiff filed a complaint against his former employers, Esports One, Inc. and Gina Keith Gunnin and Matthew Ryan Gunnin (the individual defendants). Dkt. No. 1. The complaint alleges that the individual defendants are owners and officers of Esports One. Id. at ¶¶8–9. The

1

complaint alleges that the defendants failed to pay the plaintiff $15,769 in wages for work the plaintiff performed between April 29, 2022 and August 2, 2022. Id. at ¶¶17–18. It alleges that the defendants' failure to pay these wages violates the Fair Labor Standards Act (FLSA) and Wisconsin law. Id. at ¶¶29–57.

The plaintiff filed affidavits of service demonstrating that the summons and complaint were served on Esports One's registered agent on December 8, 2023; on Gina Gunnin on December 12, 2023; and on Matthew Gunnin on December 18, 2023. Dkt. Nos. 5, 9, 10. On January 8, 2024, the court received from the individual defendants—representing themselves—a request for an extension of time to answer the complaint on behalf of themselves and Esports One. Dkt. No. 6. The court granted the motion as to the individual defendants but denied the motion as to Esports One because a corporation may appear in court only through a licensed attorney. Dkt. No. 11. The court set a deadline of February 28, 2024 for the individual defendants to file their response to the complaint. Id. at 5.

The defendants missed this deadline. On March 6, 2024, the court received from the defendants an answer. Dkt. No. 12. The answer contained a section titled "Defendant's Response," which argued that the plaintiff had breached his employment agreement with the defendants. Id. at 8. That same day, the court received from the defendants a motion to dismiss the complaint, again arguing that the plaintiff's breach of contract barred his claims. Dkt. No. 13 at 2. The court set a telephone scheduling conference for June 18, 2024 and

2

ordered that the parties must file a joint Rule 26(f) discovery plan by June 4, 2024. Dkt. No. 14.

On March 21, 2024, the plaintiff filed a brief in opposition to the defendants' motion to dismiss and a motion to dismiss what he construed as the defendants' breach of contract counterclaim. Dkt. Nos. 15, 16. The defendants did not respond to either of these filings.

On April 8, 2024, the court received a document from the defendants titled "Motion for Limited Corporate Officer Representation Due to Financial Hardship," asking the court to allow the individual defendants to represent Esports One in this case. Dkt. No. 20. The plaintiff opposed the motion because the individual defendants are not attorneys and cannot represent a corporation in court. Dkt. No. 21.

On June 4, 2024, the plaintiff filed a Rule 26(f) report. Dkt. No. 22. The plaintiff explained that on May 22, 2024, the parties had held a telephone conference to discuss the discovery plan. Id. at 1. The plaintiff stated that after the call, he had sent a draft Rule 26(f) plan to the defendants and asked that they respond with any proposed revisions before filing. Id. Gina Gunnin responded that "anything you send to us should be sent to us in the mail" and claimed that "[n]o deadline goes into effect until we have been given significant time to review once received." Dkt. No. 22-1 at 2. The plaintiff stated that the defendants never confirmed the proposed dates, so the Rule 26(f) report was filed on the plaintiff's behalf only. Dkt. No. 22 at 1–2.

3

On June 18, 2024, the court held the telephone scheduling conference. Dkt. No. 23. The individual defendants did not appear for the conference; the court's staff attempted to call the individual defendants to determine whether they intended to participate in the conference, but the call went to voicemail. Id. At the hearing, the court stated that it had intended to address the pending motions in an oral ruling, but given the defendants' failure to appear, it decided instead to issue a written decision. Id.

On June 21, 2024, the court issued an order denying the individual defendants' motion to represent Esports One and denying their motion to dismiss the complaint. Dkt. No. 24. The court also stated that it was not sure whether the defendants intended to plead the plaintiff's breach of contract as a counterclaim or as an affirmative defense. Id. at 20. The court ordered that by July 19, 2024, the defendants must file a document informing the court whether they intended their breach-of-contract allegation to be an affirmative defense to the plaintiff's claims or a counterclaim against the plaintiff. Id. at 25. The court stated that if counsel did not file a notice of appearance on behalf of Esports One by June 26, 2024, the plaintiff could move for default judgment against Esports One. Id.

The court also addressed the defendants' response regarding the Rule 26(f) plan and their failure to appear at the scheduling conference. Id. at 21–25. The court advised the defendants that email is a valid method of communicating with an opposing party, and that court-ordered, statutory or rule-based deadlines are in effect throughout the case whether the defendants

4

have time to prepare for them or not. Id. at 22–23. The court declined to impose sanctions because the defendants were not represented by counsel, but advised the defendants that if they "fail to comply with court-imposed deadlines, or fail to appear in the future when ordered to do so, the court will require them to show cause why it should not impose sanctions against them." Id. at 24–25.

The defendants did not comply with the deadlines set by the court in its June 21, 2024 order. No counsel filed a notice of appearance for Esports One, and the individual defendants did not file a response clarifying whether their breach of contract claim was meant to be a counterclaim or an affirmative defense. On October 16, 2024, the court granted the plaintiff's unopposed motion to dismiss the counterclaim, finding that the court lacked supplemental jurisdiction over the claim. Dkt. No. 26. The court ordered that the parties must file an amended Rule 26(f) report by November 15, 2024. Id. at 8.

On that date, the plaintiff filed an amended Rule 26(f) report. Dkt. No. 27. The plaintiff stated that he had sent an updated proposed report to the defendants, but that he had not received "any substantive revisions to the draft report or any input as to the schedule," so again the plaintiff filed a report only on his own behalf. Id. at 2. The court entered the scheduling order proposed by the plaintiff and set a dispositive motions deadline of October 30, 2025. Dkt. No. 29.

On January 15, 2025, the plaintiff filed a motion to compel discovery responses from the defendants. Dkt. No. 30. The plaintiff stated that the

5

defendants had not provided initial disclosures by the deadline set by the court in the scheduling order and had not responded to the plaintiff's written discovery requests (including interrogatories, requests for production and requests for admission). Id. at ¶¶6–7. The plaintiff's counsel stated that he had made multiple attempts to meet and confer with the defendants, but had not received any response. Id. at ¶8. The defendants did not respond to the plaintiff's motion.

On February 19, 2025, the court granted the plaintiff's motion to compel discovery responses. Dkt. No. 33. The court stated the following:

> Despite the plaintiff's good faith effort to confer with the defendants, the defendants have not given the plaintiff the disclosures required by Rule 26(a) or responded to the plaintiff's discovery requests. The court will set a deadline below by which the defendants must (1) make the initial disclosures required by Fed. R. Civ. P. 26(a) (https://www.law.cornell.edu/rules/frcp/rule_26), (2) respond to the plaintiff's first request for interrogatories and (3) respond to the plaintiff's requests for the production of documents. If the defendants do not comply with this order, the plaintiff may file a motion asking the court to impose sanctions against the defendants. See Fed. R. Civ. P. 37(b)(2)(A). Rule 37 allows a court to impose a range of sanctions, including issuing a default judgment against the disobedient party, holding the disobedient party in contempt of court and ordering the disobedient party to pay expenses.

Id. at 3–4. The court set a deadline of March 14, 2025 for the defendants to respond to the discovery requests. Id. at 4.

The October 30, 2025 dispositive motions deadline passed without filings from either party. The court ordered that the plaintiff must file a status report informing the court as to the status of the case. Dkt. No. 34. Instead of a status report, the plaintiff filed the instant motion for sanctions, stating that the defendants had failed to comply with the court's order compelling them to

6

answer the plaintiff's discovery requests. Dkt. No. 35. Unsurprisingly, the defendants did not file a response. The court has not received anything from the defendants since their April 8, 2024 motion asking permission to represent Esports One.

## II. Motion for Sanctions

The plaintiff's motion for sanctions asks the court to enter a default judgment against the defendants. Dkt. No. 36. The plaintiff argues that under Federal Rule of Civil Procedure 37(b), the court may impose sanctions, including a default judgment, for a party's failure to comply with a court order. Id. at 2–3. The plaintiff argues that any inadvertence or mistake on behalf of the defendants is irrelevant to the question of whether sanctions can be imposed. Id. at 3 (citing e360 Insight, Inc. v. Spamhaus Project, 658 F.3d 637, 642 (7th Cir. 2011)). The plaintiff asserts that because it is clear the defendants did not comply, sanctions are warranted. Id.

The plaintiff argues that default judgment is the proper sanction here based on the procedural history of the case. Id. at 3–4. He states that the court need not issue a lesser sanction before ordering default judgment as a sanction, but concedes that a default judgment sanction requires a finding of "willfulness, bad faith or fault" on behalf of the defendants. Id. at 4 (quoting Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996)). The plaintiff argues that the Seventh Circuit has upheld default judgments as sanctions where the sanctioned party has engaged in a long period of dilatory conduct or disregard for the litigation process. Id. at 4–5 (citing Hal Commodity Cycles Mgmt. Co. v.

7

Kirsh, 825 F.2d 1136, 1139 (7th Cir. 1987); e360 Insight, 658 F.3d at 642–43). The plaintiff argues that the defendants repeatedly have failed to participate in the litigation process, including failing to participate in preparing either Rule 26(f) report, failing to appear at the scheduling conference, failing to respond to discovery and failing to comply with the court's order compelling discovery. Id. at 5–6.

The plaintiff argues that the court's prior orders put the defendants on notice that their conduct risked sanctions. Id. at 6. The plaintiff contends that the defendants' continued failure to comply in the face of these warnings demonstrates willfulness. Id. He argues that the defendants' conduct also has caused harm because it has prevented the plaintiff from properly prosecuting the case. Id. The plaintiff contends that the defendants' failure to respond to his requests for admission establishes liability in full, so imposing a lesser sanction (such as simply deeming the admissions admitted) will have the same effect as a default judgment. Id. at 6–7. The plaintiff asks the court to enter default judgment against the defendants in the amount of $15,769 in unpaid wages, $15,769 in civil penalties and liquidated damages and award the plaintiff attorneys' fees and costs. Id. at 7.

### III. Analysis

Federal Rule of Civil Procedure 37(b) allows the court to impose sanctions for a party's failure to obey a discovery order, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "The decision to enter a default judgment as a sanction for violation of a

8

discovery order is within the sound discretion of the district court." Downs, 78 F.3d at 1257 (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976)). There must be "a showing of willfulness, bad faith or fault on the part of the defaulted party" to impose a default judgment as a sanction. Id.

Although severe sanctions such as default judgment should be imposed sparingly, the imposition of less drastic sanctions are not an "absolute prerequisite to the entry of a default judgment." Hal Commodity Cycles, 825 F.2d at 1139. "A district court is not required to fire a warning shot." Id. "[T]he district court must have the default judgment readily available within its arsenal of sanctions 'in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not.'" C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1206 (7th Cir. 1984) (quoting Stevens v. Greyhound Lines, Inc., 710 F.2d 1224, 1230 (7th Cir.1983)). The defendants' self-represented status does not change this analysis because "[b]eing a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders." Downs, 78 F.3d at 1257.

The defendants have failed to comply with the court's orders despite the court warning them multiple times that such conduct risks sanctions. The defendants did not agree on a joint Rule 26(f) plan or file their own proposed Rule 26(f) plan. The defendants did not appear at the court-ordered scheduling conference. The defendants did not file a document clarifying whether their

9

breach of contract claim was an affirmative defense or counterclaim. The defendants did not agree on an amended Rule 26(f) plan or file their own amended Rule 26(f) plan. The defendants did not respond to the plaintiff's discovery requests in violation of the court's order compelling them to do so. This is a pattern of conduct that extends back at least to the spring of 2024.

The defendants have had at least two opportunities to explain their failure to respond to the plaintiff's discovery requests: in response to the plaintiff's original motion to compel or in response to the plaintiff's motion for sanctions. The defendants did not take advantage of either opportunity. The court warned the defendants that they risked the court imposing a default judgment against them should they fail to comply, and still the defendants did not follow the court's orders. The defendants have filed nothing with the court since April 2024—almost two years. It appears that the last time the plaintiff received any communication from the defendants was in November 2024—over one year ago. The defendants have shown disregard for this litigation and the court's orders. Sanctions are appropriate.

To enter default judgment as a sanction, a court must make a finding of willfulness, bad faith or fault on behalf of the defendants. The record shows that the defendants have acted willfully at minimum and likely in bad faith. The defendants have ignored multiple court-ordered deadlines and failed to respond to any discovery requests despite a court order to do so. This is sufficient to establish willfulness, bad faith or fault. See Downs, 78 F.3d at 1257 (affirming imposition of default judgment as a sanction where the party

10

refused to respond to interrogatories or provide initial disclosures and communicated to the opposing party and the court that they would not comply with court orders); see also Brown v. Columbia Sussex Corp., 664 F.3d 182, 191–92 (7th Cir. 2011) (dismissal as sanction was warranted where party failed to respond to numerous interrogatories, missed five discovery deadlines and violated two court orders); Aura Lamp & Lighting Inc. v. Int'l Trading Corp., 325 F.3d 903 (7th Cir. 2003) (dismissal as sanction was proper where the party failed to meet multiple court-ordered deadlines and was expressly warned that further noncompliance may result in dismissal). Further, as the plaintiff points out, the defendants' failure to respond to the plaintiff's requests for admission would provide an independent ground for granting judgment against the defendants because the failure to respond constitutes an admission of each of the elements of the plaintiff's claims. See Dkt. No. 31-1 at 7–9. The court will enter a default judgment against the defendants as a sanction under Rule 37.

The plaintiff asks the court to impose a default judgment in the amount of $15,769 in unpaid wages, $15,769 in civil penalties, and liquidated damages and attorneys' fees and costs. The requests for admission establish that the plaintiff is owed $15,769 in unpaid wages. Dkt. No. 31-1 at 8. Under the FLSA, the plaintiff is entitled to "an additional equal amount [of his unpaid wages] as liquidated damages." 29 U.S.C. §216(b). The court also may "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. The court will impose a default judgment in the amount of $31,538 plus the

plaintiff's reasonable attorney's fees and costs. The plaintiff must submit a fee petition and supporting documentation by the date the court will set below.

IV.     **Conclusion**

The court **GRANTS** the plaintiff's motion for sanctions. Dkt. No. 35.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiff and against the defendants in the amount of $31,538, plus attorney's fees and costs to be determined.

The court **ORDERS** that the plaintiff must file a fee petition and supporting documentation by the end of the day on **February 13, 2026**.

Dated in Milwaukee, Wisconsin this 14th day of January, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
