UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEWIS SMITH,

                    Plaintiff,

                                                    Case No. 23-cv-1418-pp

        v.

ESPORTS ONE, INC., GINA KEITH GUNNIN
and MATTHEW RYAN GUNNIN,

                    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. NO. 40) AND DISMISSING CASE

On January 14, 2026, the court granted the plaintiff's motion for sanctions and entered a default judgment against the defendants. Dkt. No. 39. The court ordered that if the plaintiff wanted to recover attorneys' fees, he must file a petition with supporting documentation. Id. at 12. The plaintiff did so on February 13, 2026. Dkt. No. 40. The court will grant the plaintiff's motion and award the plaintiff $15,745 in attorneys' fees and $659.60 in costs, for a total award of $16,404.60.

## I.     Legal Standard

As the prevailing party, the plaintiff is entitled to an award of reasonable attorneys' fees and costs under the Fair Labor Standards Act (FLSA) and Wisconsin law. See Spegon v. Catholic Bishop, 175 F.3d 544, 550 (7th Cir. 1999) (plaintiff was the prevailing party "by virtue of the judgment entered in his favor in this case."). "Although there is no precise formula for determining a

1

reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 856 (7th Cir. 2009). "A reasonable hourly rate is the local market rate for the attorney's services." Eagle F. v. Phyllis Schlafly's Am. Eagles, 498 F. Supp. 3d 1024, 1047 (S.D. Ill. 2020). "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." Id. (citing Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639-40 (7th Cir. 2011)). A court otherwise may rely on "evidence of rates charged by similarly experienced attorneys in the community for similar work and evidence of fee awards the attorney has received in similar cases." Id. (citing Johnson v. GDF, Inc., 668 F.3d 927, 933 (7th Cir. 2012)). The court may make its own rate determination if the fee applicant—who has the burden to establish his or her market rate—fails. Johnson, 668 F.3d at 933.

## II. Analysis

The plaintiff submitted a declaration from his attorney Larry A. Johnson, dkt. no. 42, Attorney Johnson's billing records, dkt. no. 42-1, and declarations from attorneys Martin C. Kuhn and Robert M. Mihelich as to the reasonableness of plaintiff's counsel's hourly rate, dkt. nos. 43, 44.

### A. Hourly Rate

The court first must determine whether the plaintiff's claimed hourly billing rate is reasonable. Attorney Johnson attests that he is a shareholder at Hawks Quindel and has practiced labor and employment law in Milwaukee

2

since 2006. Dkt. No. 42 at ¶¶8–9. He states that his regular billing rate is $500 per hour. Id. at ¶14. Attorney Connor Clegg also performed work on the case; Attorney Johnson attests that Attorney Clegg regularly bills clients at a rate of $325 per hour. Id. at ¶26. The supporting declarations from Attorneys Kuhn and Mihelich aver that these are reasonable billing rates for labor and employment attorneys in the Milwaukee area. Dkt. Nos. 43 at ¶11; 44 at ¶16.

"Once an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.'" People Who Care v. Rockford Bd. Of Educ., School Dist. No. 205, 90 F.3d 1307, 1313 (7th Cir. 1996) (quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1151 (7th Cir. 1993)). "A defendant's failure to do so is essentially a concession that the attorney's billing rate is reasonable and should be awarded." Id. Because Attorney Johnson presented evidence of his billing rate and its reasonableness for this market and because the defendants have not opposed it, the court finds that $500 an hour is a reasonable rate for Attorney Johnson's work and $325 an hour is a reasonable rate for Attorney Clegg's work.

### B.     Hours Expended

The court next must determine whether the plaintiff's attorneys spent a reasonable number of hours on this case. Attorney Johnson billed 29.8 hours from initial investigation through the fee petition. Dkt. No. 42 at ¶19; see also Dkt. No. 42-1. Attorney Clegg billed an additional 2.6 hours. Id. Attorney Johnson attests that he removed any "excessive, redundant, or otherwise

3

unnecessary hours" from the request and "further reduced the requested fees by not requesting payment for services performed by professional support staff" assisting with this litigation. Id. at ¶¶22–23.

The total time Attorneys Johnson and Clegg spent on the case—32.4 hours—is a reasonable amount of time given its procedural history. Though the case was resolved in a default judgment, the plaintiff's counsel had to spend more time than is typical to secure the judgment. As described in the court's January 14, 2026 order granting the plaintiff's motion for sanctions, the self-represented defendants appeared in January 2024 and participated in the case for some time before ceasing to respond to communications from the court and plaintiff's counsel in November 2024. See Dkt. No. 39 at 1–7. The plaintiff made several filings, including the complaint, dkt. no. 1, a response to the defendants' motion for extension of time to answer, dkt. no. 7, a response to the defendants' motion to dismiss, dkt. no. 15, a motion to dismiss the defendants' counterclaim, dkt. no. 16, a response to the individual defendants' request to represent the corporate defendant, dkt. no. 21, two Rule 26(f) discovery plans, dkt. nos. 22, 27, a motion to compel discovery responses, dkt. no. 30, a motion for sanctions, dkt. no. 35, and the instant motion for attorneys' fees, dkt. no. 40. The plaintiff's counsel also appeared at a scheduling conference on June 18, 2024, dkt. no. 25, and spent significant time communicating with the defendants to try to get them to participate in the case, dkt. no. 42-1. Nothing in the time logs provided by the plaintiff strikes the court as "excessive, redundant, or otherwise unnecessary." Johnson, 668 F.3d

4

at 931. This court has previously found that expending as many as 31.3 hours is reasonable to obtain a default judgment under more typical circumstances. See McCabe v. Tire Web, LLC, Case No. 23-cv-459-pp, 2024 WL 5238261, at *3 (E.D. Wis. Dec. 26, 2024) (31.3 hours was a reasonable amount to expend on investigation of claim, filing complaint and motion for default judgment).

The court will award the plaintiff attorneys' fees of $500 per hour for 29.8 hours of Attorney Johnson's time ($14,900) and $325 per hour for 2.6 hours of Attorney Clegg's time ($845), for a total of $15,745.

C.    Costs

The plaintiff also asserts that he incurred $659.60 in costs. Dkt. No. 42 at ¶28. These costs include the filing fee, service of process on the defendants and mailing court filings to the self-represented defendants. Id. Costs are recoverable under the FLSA and include "all reasonable out-of-pocket expenditures." Shorter v. Valley Bank & Tr. Co., 678 F. Supp. 714, 726 (N.D. Ill. 1988) (citations omitted); see also 29 U.S.C. §216(b). The requested costs are reasonable; they represent costs that were necessary for the litigation. See Shorter, 678 F. Supp. at 726 (filing fee, service of process and administrative expenses recoverable as costs). The court will award $659.60 in costs.

## IV.    Conclusion

The court **GRANTS** the plaintiff's motion for attorneys' fees and costs. Dkt. No. 40.

The court **AWARDS** the plaintiff $16,404.60 in attorneys' fees and costs.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of March, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6